

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable James I. Perkins
Chairman, Board of Managers
Texas State Railroad
Rusk, Texas

0-5277

Dear Sir:

Opinion No. 0-527?
Re: Authority of Board of Managers
of the Texas State Railroad to
grant title to certain land.

Your letter to this department, dated May 1, 1943, requesting an opinion of this department on the above captioned subject, has been received and has attention. Your letter reads as follows:

"A few days ago the Legislature passed a bill, a copy of which is enclosed, transferring the title to approximately 21 acres of land from the Rusk State Hospital to the Texas State Railroad to be used for plant sites for plants to be erected along the Texas State Railroad to encourage business for the railroad.

"We now have a large concern that will probably ship several hundreds of cars of freight per year in dehydrated and canned vegetables and dried eggs that desires to locate in this industrial section provided we can get some of the citizens of Rusk to build them a large plant building, approximately 100 feet by 200 feet. This building of the cheapest construction will cost probably $25,000.00 or $30,000.00, and the operating company desires to rent the building and not erect it as they will be able to deduct the rent paid even though it pays the building out in five to seven years. They cannot do this if they erect the building.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. James I. Perkins - Page 2

"Of course, before starting the construction
of this building the citizens putting up the
money for it want to be certain that they get a fee
simple title to this property and they have a valid
conveyance. I do not want to get them into a
difficulty or lose their money, but the Board of
Managers of the Texas State Railroad wants to be
able to pass a valid fee simple title to the property.
Judge Speer is familiar with this matter. James I.
Perkins who was re-appointed for a two year term as
Manager on or about the 25th day of February, 1943,
and who joined with the Lieutenant Governor John Lee
Smith and appointed Messrs. H. V. Hamilton and J. E.
Angly of Palestine as the other board members. The
Hon. J. E. Angly succeeded himself as his two years
term had theretofore expired on March 11, 1943, and
Hon. H. V. Hamilton having been appointed at the
same time with Mr. Angly to fill the term of Hon.
Lynch Davidson whose two year term expired on March
11, 1943, and about the 28th day of March, 1943,
Hon. John Lee Smith appointed the said James I. Per-
kins, under power vested in him, as Chairman of said
Board. We would, of course, like to have a meeting
of the Board of Managers and pass the proper reso-
lution and authority and execute a proper deed based
upon a nominal consideration to the parties desiring
to erect this building. We do not expect to grant a
fee simple conveyance to any of this property except
where it is necessary that the parties using it have
a fee simple title for the purpose of placing bonds
and mortgages against it. It is very necessary that
we have a ruling in this matter in the next three
or four days for the reason that the construction and
erection of a large plant of this kind for dehydra-
ting and processing vegetables, eggs and etc. will
have to be fully constructed within the next six or
seven weeks or it will be too late to save a large part
of this season's vegetables and truck crops in East
Texas, 90 per cent of which will be used by the Govern-
ment in its war effort."

Hon. James I. Perkins - Page 3

You attach to your letter a copy of Senate Bill No. 188. This bill provides that the title to the land in question is transferred from the Rusk State Hospital and vested in the Texas State Railroad. The authority vel non of the Legislature to transfer title to State lands by Bill is not passed on in this opinion in view of our opinion based on the constitutional and statutory provisions applicable, we think, to the situation presented in your letter.

In the year 1917, the Legislature established the Rusk State Hospital. The Act, among other things, provides that so much of the lands of the East Texas Penitentiary at Rusk, Texas, as may be requisite and neeful is set aside for the use of said hospital; that the Governor, Comptroller of Public Accounts and State Treasurer shall constitute a board to determine what, if any, property owned by the State at Rusk, Texas, and used in whole or in part by the penitentiary system, shall be set apart to and used permanently by the hospital. (See Act April 4, 1917, Chapter 198, Sec. 1).

Section 9 of Article 7 of the Constitution of this State reads as follows:

"All lands heretofore granted for the benefit of the Lunatic, Blind, Deaf and Dumb, and Orphan Asylums, together with such donations as may have been or may hereafter be made to either of them, respectively, as indicated in the several grants, are hereby set apart to provide a permanent fund for the support, maintenance and improvement of said Asylums. And the Legislature may provide for the sale of the lands and the investment of the proceeds in manner as provided for the sale and investment of school lands in section 4 of this Article."

In view of the quoted constitutional provision, it is the opinion of this department that the Board of Managers of the Texas State Railroad cannot pass title to the land in question.

APPROVED MAY 28, 1943

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

E. P. Price
Assistant

EPP:BT

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN